Bartram YIHNIDABNEY,
Plaintiff–Appellant,

v.

T. RICKS, Supt. Security; Lieutenant Carey, Misconduct Hearing Officer; C.O. McClean; C.O. Dragoon, C.O. Bell; W. Bon Homme, C.O.; Bolak, Acting Captain; C.O. Dickson and C.O. Hafner, Defendants–Appellees.

No. 02–0171.

United States Court of Appeals,
Second Circuit.

April 8, 2003.

Bartram Yihni Dabney, Appellant, pro se.

Pine City, NY, for Appellant.

Martin A. Hotvet, Assistant Solicitor General, Albany, NY, for Appellee.

Present: JON O. NEWMAN, ROSEMARY S. POOLER, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 8th day of April, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Bartram Yihni Dabney, a prison inmate, appeals from a Federal Rule of Civil Procedure 56 judgment dismissing his civil rights complaint against defendants, who are correctional officers and supervising officers employed by the New York State Department of Corrections.

Dabney complains that defendant Bolak, a hearing officer, denied Dabney due process during an administrative hearing held to determine whether Dabney was guilty of having a beard in excess of one inch, failing to produce an ID card on demand, verbally abusing staff, assault on staff, violation of frisk procedures, and failure to obey a direct order. Bolak's finding of guilty on all counts resulted in Dabney's confinement in the Special Housing Unit ("SHU") for 365 days.

The hearing stemmed from charges against Dabney by two corrections offi-

cers. Corrections Officer Hafner charged that while he was on duty in the prison barber shop, he noticed that Dabney had a beard with an approximate seven-inch braid. Dabney refused to have his beard cut and did not produce an ID card when asked. According to Hafner, Dabney also was verbally abusive. As a result, Hafner ordered Dabney to return to his cell. Corrections Officer Dickson attempted to escort Dabney. Because Dabney had a pen in his hand, Dickson ordered Dabney to place his hands on the wall and to move his feet away from the wall. In his misbehavior report, Dickson alleged that Dabney did not move his feet and that when Dickson used his foot to move Dabney's left foot, Dabney hit Dickson three times.

The due process violations Dabney alleges are hearing officer bias, refusal to call pertinent witnesses, truncation of the questions the hearing officer would ask witnesses on Dabney's behalf, and refusal to obtain relevant documents. Although Bolak allowed testimony from Hafner and Dickson as well as from an inmate who witnessed the events in the barbershop and from the corrections officer who came to Dickson's assistance and who, Dabney claimed, actually struck Dickson, Bolak refused to allow Dabney to call his iman or a medical assistant. Dabney explained that he wanted the iman, who had seen Dabney within twenty-four hours of the incident, to testify to the length of his beard. Dabney apparently wanted the medical assistant to testify to Dickson's condition after the incident.

Bolak also refused to obtain ambulance or paramedic reports for Dabney's hearing.

The district court dismissed Dabney's complaint on a summary judgment motion, finding that New York's regulations created no liberty interest in freedom from confinement in the SHU. On appeal, Dabney principally contends that the court erred (1) by refusing to assign counsel, (2) by not requiring defendants to turn over documentary records including the ambulance report; and (3) by finding no liberty interest.

■ The district court erred when it found no liberty interest. It is well established that New York's regulations create a liberty interest in freedom from punitive confinement. *Welch v. Bartlett*, 196 F.3d 389, 394 n. 4 (2d Cir.1999). Moreover, confinement in the SHU for 365 days is an atypical and significant hardship within the meaning of *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir.2000). Thus, defendants deprived Dabney of a liberty interest. *See id.* Because we may affirm the district court's judgment on any ground that fairly appears in the record below–including issues not addressed by the district court– we consider whether there is sufficient proof in the record to establish a due process violation. *See, e.g., Citrus Mktg. Bd. of Israel v. J. Lauritzen A/S*, 943 F.2d 220, 223 (2d Cir.1991).

■ Nothing in the hearing transcript or in Dabney's submissions suggests that Bolak was biased against Dabney. In addition, Bolak's refusal to pose certain questions to witnesses was justified by the irrelevance of these questions. Nor was Bolak's refusal to call the iman and the medical assistant a due process violation. Because neither witnessed the incidents in question, their testimony would have had very limited probative value. *See Kalwasinski v. Morse*, 201 F.3d 103, 109 (2d Cir.1999) (holding that a hearing officer does not violate due process by excluding

irrelevant or unnecessary evidence). The documents that Dabney sought–an ambulance report and paramedic reports–were duplicative of other documentation of Dickson's condition and only tangentially relevant because the central issue was whether Dabney hit Dickson and not how badly he hurt him. *See id.*

■ Dabney also argues that the district court's judgment should be overturned because the court refused to appoint counsel for him and did not compel defendants to turn over the ambulance report before granting summary judgment. Both of these arguments lack merit. Because the hearing officer did not commit a due process violation by refusing to admit the ambulance report, its production on the motion would not have allowed Dabney to avoid summary judgment. The judge did not abuse his discretion by refusing to appoint counsel for Dabney because (1) the pertinent issues–liberty interest and procedural violations–can be resolved on the administrative hearing transcript and do not require investigation; (2) the legal issues were not complex; (3) Dabney capably represented himself; and (4) the case was resolved without any necessity for cross-examination. *See Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994).